JONES, Justice.
This appeal, from a judgment granting injunctive and other relief, challenges 1) the sufficiency of the evidence and the conclusions of law with respect to the in-junctive relief and 2) the trial court’s interpretation of a 1981 deed of conveyance with respect to the other relief. We affirm.
*258 The parties to this litigation are the widow and two children (and the husband of the daughter) of J.R. Tomlin, deceased. After the death of her husband in 1981, Jewel Tomlin and her children, A.H. Tomlin and Betty Jean Eiland, executed a deed to divide the property that had been owned by J.R. and Jewel Tomlin. This conveyance of a vested remainder to Betty Jean Eiland and her husband, James B. Eiland, reserved a life estate in the widow and “excepted” a one-acre parcel of land upon which A.H. Tomlin’s home was situated.
Several years after J.R. Tomlin’s death and after Jewel Tomlin had rented the property (less A.H. Tomlin’s one acre) to a “farming” tenant, Betty Jean and her husband James Eiland, without notice to Jewel Tomlin, entered upon the land, erected fences, restricted the tenant’s access to the land from his adjoining farm, and surveyed what the Eilands claimed to be A.H.’s one-acre tract. When efforts to negotiate a settlement of the dispute failed, Jewel and A.H. filed this proceeding, seeking declaratory relief with respect to the Eilands’ interference with Jewel’s use of the property during her lifetime and contesting the Ei-lands’ claim with respect to the boundaries of A.H.’s one-acre homeplace.
After a full hearing that produced two volumes of trial testimony, the trial court entered the following judgment:
“ORDER
“This cause came before the Court on the complaint of Jewel Tomlin and A.H. Tomlin and upon the answer and counterclaim of Betty Jean Eiland and James B. Eiland. Upon motion of the Plaintiffs, the counterclaim of the Defendants was dismissed prior to the hearing. Upon consideration of the pleadings and the evidence as presented to the court, it is hereby
“ORDERED, ADJUDGED, AND DECREED as follows:
“1. The Plaintiff, Jewel Tomlin, is entitled to the relief she seeks and there-, fore the Defendants are hereby enjoined from in any way interfering with the use of the property by Jewel Tomlin during her life so long as she does not commit waste on said property.
“2. The Defendants are directed to remove the fence that they have placed around the boundaries of said property and are permanently enjoined from placing any other fencing on said property during the lifetime of Jewel Tomlin.
“3. The Plaintiff, A.H. Tomlin, is entitled to the relief he seeks and the court does therefore find that A.H. Tomlin is the owner of the one-acre parcel of property as per the survey of Carloss F. Botts, dated July 25, 1988. In addition, A.H. Tomlin is entitled to and is hereby awarded an easement across the property of Jewel Tomlin as described also in the survey of Carloss F. Botts.
“4. The Plaintiff, Jewel Tomlin, and the Defendants are hereby directed to execute a deed of said property to the Plaintiff, A.H. Tomlin, and should the parties fail to do so within 30 days from the date of this order, the Clerk is directed to execute a Register’s Deed conveying said property and easement to A.H. Tomlin.
“5. The costs of this action are hereby taxed to the Defendant.
“DONE this the 13th day of Sept., 1988.
“/s/ Arthur E. Gamble, Jr.
“Arthur E. Gamble, Jr. — Circuit Judge”
At trial, the Eilands conceded that the 1981 deed had the legal effect of conveying to them a fee simple title in the subject property, less one acre to be conveyed to A.H., and reserving a life estate in the property (less A.H.’s one acre) to Mrs. Ei-land’s mother, Jewel. However, they contended that the tenant’s farming operation was materially affecting the value of the land and constituted a “special exception” to the general rule against the remainder-man’s right of entry upon the property of the life tenant. They further contend that the one-acre tract, as “staked out” and used by Mrs. Eiland’s brother, A.H., was contrary to the location contemplated by the 1981 deed.
*259 In the context of a fully developed record of trial, this is a classic case for the application of the “ore tenus presumption of correctness” rule. Suffice it to say that there is ample testimony to support the trial court’s finding that Jewel Tomlin’s “farming” tenant’s use of the property was neither “wasteful” nor otherwise destructive or detrimental so as to create a “special circumstance” exception to the general rule that forbids entry on the property by the remainderman. See Duncan v. Johnson, 338 So.2d 1243 (Ala.1976). To the contrary, the evidence shows that the Ei-lands’ location of the boundary line fences materially interfered with the tenant’s proper use of and access to the property.
The trial court’s further finding, favorable to A.H. with respect to the fixing of the boundaries of his one-acre tract, is amply supported by the evidence. Indeed, to accept the Eilands’ survey of A.H.’s one acre would have materially and needlessly restricted A.H.’s use of his homeplace and his reasonable access thereto.
Finding no basis for reversal, we affirm the judgment.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ„ concur.